**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MAYNOR A. FUENTES OCHOA,
Petitioner,
v.
ACTING WARDEN OF THE DESERT VIEW DETENTION CENTER, *et al*.,
Respondents.

Case No. 5:26-cv-02642-DMK

**MEMORANDUM AND ORDER DENYING PETITION WITHOUT PREJUDICE**

On May 17, 2026, Petitioner Maynor Alonso Fuentes Ochoa, an immigration detainee, filed through counsel a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE") at the Desert View Detention Center in Adelanto, California, and seeking immediate release. *See* ECF 1.[1] For the reasons below, the Petition is DENIED without prejudice.

[1] For ease of reference, the Court cites the parties' submissions using the pagination generated by the Court's CM/ECF system.

**I**

Petitioner is a native and citizen of Honduras who entered the United States without inspection near Roma, Texas, on or about November 7, 2018. ECF 1 at ¶¶ 10, 18; ECF 1 at 21. On April 2, 2025, the Department of Homeland Security ("DHS") served Petitioner with a notice to appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and placed him in removal proceedings under 8 U.S.C. § 1229a. ECF 1 at ¶ 20; ECF 1 at 21–22. Petitioner was released on his own recognizance and required to report to ICE, which he did. ECF 1 at ¶¶ 20–22. He has applied for asylum and other protection from removal. *Id.* at ¶ 19.

On June 12, 2025, a criminal complaint was filed against Petitioner in the Los Angeles County Superior Court charging him with misdemeanor driving under the influence of alcohol, in violation of California Vehicle Code § 23152(a), and driving with a blood alcohol content of 0.08% or more, in violation of California Vehicle Code § 23152(b). *People v. Fuentes Ochoa*, No. 25MTCM01503-01 (L.A. Cnty. Super. Ct.).[2] On August 6, 2025, a jury found Petitioner guilty on both counts. *Id.* On August 12, 2025, the court suspended imposition of sentence and placed Petitioner on summary probation for 36 months on conditions that included that he obey all laws, complete a licensed driving-under-the-influence program, attend Alcoholics Anonymous meetings, and pay $900 in restitution to the victim. ECF 1 at 29–32, 34. The court found that at the time of the offense Petitioner had a blood alcohol level of 0.12%. *Id.* at 31.

On January 15, 2026, Petitioner reported to ICE for a scheduled check-in, and ICE officers arrested him. ECF 1 ¶¶ at 23–24; ECF 8-1 at 1. That day, ICE served Petitioner with a written Notice of Revocation of Release, which stated that his release had been revoked because he had violated the conditions of his release by being convicted of driving under the influence of alcohol in violation of California Vehicle Code § 23152(a).

---

[2] The Court takes judicial notice of the records of the Los Angeles County Superior Court in Petitioner's criminal case. *See* Fed. R. Evid. 201(b)(2); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

ECF 8-2 at 1–2. The same day, an ICE officer conducted an informal interview to afford Petitioner an opportunity to respond to the reasons for the revocation. *Id.* at 3. Petitioner responded: "I am already paying my charge w/ community hours and everything that I had to do and I am almost done. I am paying for damages on the 15th of each month." *Id.*[3] Petitioner remains detained at the Desert View Detention Center. ECF 1 at ¶ 27.

On August 10, 2026, an immigration judge ("IJ") ordered Petitioner removed. The records of the Executive Office for Immigration Review reflect that the Board of Immigration Appeals ("BIA") received Petitioner's appeal on August 29, 2026, and that the appeal remains pending. The Court takes judicial notice of those records. *See* Fed. R. Evid. 201(b)(2).

Petitioner asserts three claims: (1) his detention violates substantive due process (Count One); (2) Respondents violated procedural due process by revoking his release without notice and an opportunity to contest the revocation (Count Two); and (3) Respondents acted ultra vires and in violation of their own regulations under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (Count Three). ECF 1 at ¶¶ 63–99. He asks the Court to order his immediate release and to enjoin Respondents from re-detaining him without prior notice and an opportunity to respond. *Id.* at 16–17. Respondents answered on May 26, 2026, and Petitioner filed a traverse on May 28, 2026. ECFs 8, 9. The parties have consented to proceed before a United States Magistrate Judge. ECFs 3, 6.

## II

The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I,

---

[3] Petitioner alleges that he was not interviewed and that the officer gave no reason for the revocation. ECF 1 at ¶¶ 25, 28; *see* ECF 1 at 19. The Notice of Revocation of Release and the informal interview form, each signed and dated January 15, 2026, and the former bearing Petitioner's signature acknowledging service, reflect otherwise. ECF 8-2 at 1–3. Petitioner's traverse does not address these documents except to contend that the Notice of Revocation of Release cites the wrong regulations. ECF 9 at 2, 9.

§ 9, cl. 2). A court may grant a petition and issue a writ of habeas corpus to a petitioner who shows that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A noncitizen held by immigration authorities may petition for a writ of habeas corpus under § 2241 on the ground that his detention violates the Constitution or other federal laws. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

**III**

Because Petitioner's order of removal is not administratively final, he remains detained under 8 U.S.C. § 1226(a) pending the completion of his removal proceedings. *See* 8 C.F.R. § 1241.1(a). Petitioner was released on conditional parole under § 1226(a)(2)(B). *See* ECF 9 at 2. Section 1226(b) provides that the government "at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b); *see* 8 C.F.R. § 236.1(c)(9).

As a threshold matter, Petitioner contends that Respondents conceded his due process claims by failing to address them. ECF 9 at 2–3. Respondents did address them: they contend that the revocation of Petitioner's release was lawful because it was based on his criminal conviction and was followed by an informal interview, and that Petitioner's remedy is a bond hearing before an IJ. ECF 8 at 2–3. In any event, a respondent's failure to respond to a claim does not entitle a habeas petitioner to relief. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

**A**

Count Two alleges that Respondents violated procedural due process by revoking Petitioner's release without prior notice, an opportunity to be heard, or a hearing before a neutral decisionmaker. ECF 1 at ¶¶ 80–94; ECF 9 at 3–7. The Court evaluates the claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which weighs "the private interest that will be affected by the official action"; "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards"; and "the Government's interest." *Id.* at 335; *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The first factor favors Petitioner. A noncitizen released from immigration custody has a significant interest in remaining at liberty, *see Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), and Petitioner had lived in the community and complied with his reporting requirements for months before his re-detention, ECF 1 at ¶¶ 20–23.

The second factor weighs heavily against him. Petitioner's release was not revoked arbitrarily or without a stated basis. After his release, Petitioner was prosecuted, convicted by a jury, and placed on probation for driving under the influence of alcohol. ECF 1 at 29–32. ICE gave Petitioner written notice that his release was revoked because of that conviction and afforded him an informal interview at which he could respond. ECF 8-2 at 1–3. Petitioner did not dispute the conviction at the interview; he acknowledged it and described his efforts to satisfy the terms of his sentence. *Id.* at 3. He does not dispute it here. The fact on which the revocation rested was therefore established by a criminal judgment, after a jury trial with its attendant procedural protections, and the risk that additional pre-deprivation procedures would have revealed an error in that premise is minimal. *Cf. Morrissey*, 408 U.S. at 490 (noting that a parolee "cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime").

Petitioner contends that due process required a hearing before a neutral adjudicator before he was re-detained. ECF 9 at 6–7. But even in the parole context on which Petitioner relies, the Supreme Court has not required a hearing before arrest; it has required "some minimal inquiry" conducted "as promptly as convenient after arrest." *Morrissey*, 408 U.S. at 485. Petitioner received written notice of the reason for the revocation and an opportunity to respond on the day of his arrest. ECF 8-2 at 1–3. And further process was available to him. As a noncitizen detained under § 1226(a), Petitioner may request a custody redetermination hearing before an IJ, at which he may be represented by counsel and present evidence, and he may appeal an adverse

determination to the BIA. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(3); *Rodriguez Diaz*, 53 F.4th at 1202. In assessing a § 1226(a) detainee's procedural due process claim, the Court must consider "the process he received" and "the further process that was available to him." *Rodriguez Diaz*, 53 F.4th at 1208. Respondents represent that Petitioner may request such a hearing, ECF 8 at 2, and Petitioner does not contend that he has requested one or that one has been denied.[4]

As to the third factor, the government has a legitimate interest in protecting the community and in ensuring the appearance of noncitizens at removal proceedings, *see Zadvydas*, 533 U.S. at 690. That interest is heightened where, as here, the noncitizen has been convicted of a crime since his release. *See* 8 U.S.C. § 1226(b).

Weighing these factors, the Court concludes that Petitioner has not shown that the revocation of his release or his continued detention violates procedural due process.

**B**

Petitioner's substantive due process claim fails for similar reasons. He contends that his detention bears no reasonable relation to any legitimate purpose because Respondents have offered no evidence that he presents a danger or a flight risk. ECF 1 at ¶¶ 63–79; ECF 9 at 5. But civil immigration detention may serve the purposes of protecting the community and ensuring a noncitizen's appearance at removal proceedings, *Zadvydas*, 533 U.S. at 690, and Respondents revoked Petitioner's release after he was convicted, while on release, of driving under the influence of alcohol. ECF 8-2 at 1; ECF 1 at 29–32. Petitioner has not shown that his detention bears no reasonable relation to those purposes. To the extent Petitioner contends that he does not

[4] Respondents also contend that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.). ECF 8 at 2–3. Petitioner disputes that contention. ECF 9 at 10. The Court need not resolve the question, because Respondents concede that Petitioner is detained under § 1226(a) and may request a bond hearing before an IJ. ECF 8 at 2.

present a danger or a flight risk, he may present that contention to an IJ at a custody redetermination hearing.

**C**

Count Three alleges that Respondents acted ultra vires and violated their own regulations. ECF 1 at ¶¶ 95–99. Petitioner contends that the official who revoked his release lacked authority to do so and made no required findings, ECF 1 at ¶ 26, and that the Notice of Revocation of Release mistakenly invoked 8 C.F.R. §§ 241.4 and 241.13, which govern the release of noncitizens subject to final orders of removal, rather than the authority applicable to a noncitizen released under § 1226(a), ECF 9 at 2, 9.

The Notice of Revocation of Release does cite §§ 241.4 and 241.13 and refers to an order of supervision and an order of removal. ECF 8-2 at 1. But Respondents' authority to revoke Petitioner's release did not depend on those regulations. Section 1226(b) authorizes revocation of parole granted under § 1226(a) "at any time," 8 U.S.C. § 1226(b); *see* 8 C.F.R. § 236.1(c)(9), and Petitioner identifies no procedural requirement of § 236.1(c)(9) that the notice and interview he received failed to satisfy. To the extent Petitioner contends that the revoking officer was not among the officials authorized to revoke release, he offers only allegations made on information and belief. ECF 1 at ¶ 26. And a violation of an agency regulation warrants relief only where the regulation serves a purpose of benefit to the noncitizen and the violation prejudiced interests that the regulation protects. *See United States v. Calderon-Medina*, 591 F.2d 529, 531 (9th Cir. 1979). Petitioner has not shown prejudice. He received written notice of the actual basis for the revocation—his conviction—and an opportunity to respond to it, and he does not dispute that basis. ECF 8-2 at 1–3. The citation of inapplicable regulations in the notice did not deprive him of any protection to which he was entitled.

Petitioner has not shown that he is entitled to relief on Count Three. Because Petitioner's circumstances may change, including if his order of removal becomes administratively final or if he is denied a custody redetermination hearing, the denial is without prejudice.

IV

Accordingly, IT IS HEREBY ORDERED that:

1) The Petition is DENIED without prejudice; and

2) Judgment shall be entered dismissing this action without prejudice.

Dated: October 28, 2026

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE